UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
ACE PROPERTY & CASUALTY INSURANCE         :
COMPANY (f/k/a CIGNA PROPERTY &           :
CASUALTY INSURANCE COMPANY) as            :        11 Civ. 7050 (DLC)
successor in interest and assignee of     :
IMPERIAL CASUAL AND INDEMNITY COMPANY,    :        OPINION AND ORDER
and ILLINOIS UNION INSURANCE COMPANY      :
(f/k/a GATX INSURANCE COMPANY),           :
                         Petitioners,     :
                                          :
             -v-                          :
                                          :
AXA RE, as successor to ANCIENNE          :
MUTUELLE and L'ABEILLE IGARD,             :
                         Respondent.      :
                                          :
------------------------------------------X

APPEARANCES:

For petitioners:

Mark W. Stoutenburg
Daryn E. Rush
Thomas E. Klemm
Gibbons, P.C.
One Pennsylvania Plaza, 37th Fl.
New York, NY 10119-3701


DENISE COTE, District Judge:

     Petitioners ACE Property & Casualty Insurance Company and

Illinois Union Insurance Company (collectively "ACE") have filed

this petition for confirmation of an arbitration award pursuant

to § 207 of the Federal Arbitration Act, 9 U.S.C. § 207.

Respondent AXA Re ("AXA") has not opposed the petition or

otherwise appeared in this action.  For the following reasons,
the petition is granted.


BACKGROUND

     The petitioners are successors and assignees of insurance
companies that entered into reinsurance and retrocessional
contracts (collectively "the ACE contracts") with reinsurers
Ancienne Mutuelle ("Ancienne") and L'Abeille IGARD ("L'Abeille")
in the 1970s.  Respondent AXA, a French corporation with its
principal place of business in Paris, is the successor to
Ancienne and L'Abeille.  The ACE contracts contain arbitration
clauses.  The petitioners have attached to their petition two of
the ACE contracts, signed on June 10, 1976, and July 19, 1977,
respectively.

     At some time prior to February 2006, the petitioners sought
recovery under the ACE contracts from AXA.  AXA disputed its
liability.  On February 2, 2006, and pursuant to the arbitration
clauses in the relevant ACE contracts, ACE made a demand for
arbitration with AXA regarding the disputed recoveries.  The
arbitration did not actually occur until several years later, in
2010.

     The parties arbitrated their dispute in New York on October
12-13, 2011.  Both parties made written submissions and called
witnesses.  On October 16, the panel of two arbitrators and an

umpire issued an order finding AXA liable to ACE.  On February

3, the panel issued an award in ACE's favor of $336,733.86 plus

interest.  AXA has not moved to vacate, modify, or correct the

October 16 order or the February 3 award (collectively "the

Award").

In the instant action, the petitioners have moved for

confirmation of the Award, pursuant to the New York Convention

on the Recognition and Enforcement of Foreign Arbitral Awards

("New York Convention"), implemented by 9 U.S.C. §§ 201-08.

ACE's petition was unsealed on October 28.  AXA did not file any

opposition and has not appeared in this action.


DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings

are generally inappropriate."  City of New York v. Mickalis Pawn

Shop, LLC, 645 F.3d 114, 136 (2d Cir. 2011) (citation omitted).

Instead, a petition to confirm should be "treated as akin to a

motion for summary judgment based on the movant's submissions,"

and where the non-movant has failed to respond, the court "may

not grant the motion without first examining the moving party's

submission to determine if it has met its burden of

demonstrating that no material issue of fact remains for trial."

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109-110 (2d

Cir. 2006) (citation omitted).

A motion for summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); see El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); El Sayed, 627 F.3d at 933. When the moving party has asserted facts showing that the nonmovant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts -- "facts that might affect the outcome of the suit under the governing law" -- will properly preclude the entry of summary judgment.  Anderson v.

4

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); SCR Joint Venture

L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).

"Normally, confirmation of an arbitration award is a

summary proceeding that merely makes what is already a final

arbitration award a judgment of the court, and the court must

grant the award unless the award is vacated, modified, or

corrected."  D.H. Blair & Co., 462 F.3d at 110 (citation

omitted).  A court's review of an arbitration award is "severely

limited" so as not unduly to frustrate the goals of arbitration,

namely to settle disputes efficiently and avoid long and

expensive litigation.  Willemijn Houdstermaatschappij, BV v.

Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997)

(citation omitted).

"[T]he showing required to avoid summary confirmation of an

arbitration award is high," D.H. Blair & Co., 462 F.3d at 110

(citation omitted), and a party moving to vacate an award bears

"the heavy burden of showing that the award falls within a very

narrow set of circumstances delineated by statute and case law."

Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (citation

omitted).  Thus, a party seeking vacatur of an arbitrator's

decision "must clear a high hurdle."  Stolt-Nielson S.A. v.

AnimalFeeds Int'l Corp., --- U.S. ----, ----, 130 S.Ct. 1758,

1767 (2010).  "The arbitrator's rationale for an award need not

be explained, and the award should be confirmed if a ground for

the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

The petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact. Respondent AXA has not submitted any opposition.  Therefore, the petition to confirm the arbitration award is granted.


CONCLUSION

ACE's petition to confirm the arbitration award is granted. The Clerk of Court shall enter judgment for the petitioners and close the case.

SO ORDERED:

Dated:    New York, New York
          January 9, 2012

_____
DENISE COTE
United States District Judge